NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Claudia Perez-Kasmarski,<br><br>Plaintiff,<br><br>v.<br><br>Adler Wallach & Associates, Inc. d/b/a AWA Collections, Inc.,<br><br>Defendant. | Case No.  8:21-cv-00560<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** the Plaintiff, CLAUDIA PEREZ-KASMARSKI ("Plaintiff"), by and through her undersigned counsel complaining of the Defendant, ADLER WALLACH & ASSOCIATES, INC. d/b/a AWA COLLECTIONS ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the RFDCPA.

1

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Adler Wallach & Associates, Inc. d/b/a AWA Collections conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

2. CLAUDIA PEREZ-KASMARSKI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ADLER WALLACH & ASSOCIATES, INC. d/b/a AWA COLLECTIONS ("Defendant") is a corporation organized under the laws of the state of California.

7. Defendant maintains its principal place of business at 1045 West Katella Venue, Orange, California 92867.

8. Defendant is a "one-stop resource for all of your needs: debt collection, credit bureau reporting and customized collection programs."[1]

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

---

[1] https://awacoll.com/ (last accessed on March 17, 2021)

## FACTUAL ALLEGATIONS

10. At some point, Plaintiff obtained medical services from St. Joseph Health System.

11. These services resulted in a balance due to St. Joseph Health System for $380.09 ("subject debt").

12. Due to unforeseen circumstances, Plaintiff was unable to meet her obligation to St. Joseph Health System.

13. Once unpaid, the subject debt was referred to Defendant for collection.

14. In phone calls in November 2020, December 2020, and February 2021, Plaintiff requested validation of the subject debt from Defendant.

15. Also during all three of those phone calls, Plaintiff disputed the subject debt with Defendant.

16. Plaintiff did not receive a validation of the subject debt for either her November 2020 or her December 2020 request.

17. In January 2021, frustrated with Defendant's lack of response, Plaintiff filed a complaint with the Better Business Bureau.

18. Finally, on February 2, 2021, Defendant mailed Plaintiff a validation letter for the subject debt.

19. Additionally, Defendant mailed a second validation letter to Plaintiff on February 11, 2021.

20. On or about February 18, 2021, Plaintiff checked her credit report with Equifax, Experian, and TransUnion.

21. Unfortunately, neither Experian nor Equifax had marked the subject debt as disputed.

22. On February 24, 2021, Experian updated information regarding the subject debt and

still did not mark it as disputed.

23. Concerned with Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate her rights.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    **a.**    **Violations of 15 U.S.C. § 1692e**

26. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

27. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

28. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it failed to report the subject debt as disputed on Plaintiff's Experian and Equifax credit reports after Plaintiff disputed the debt in November 2020, December 2020, and February 2021.

29. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it updated information regarding the subject debt with Experian on February 24, 2021 and still failed to notate that the subject debt was disputed.

**WHEREFORE** Plaintiff, CLAUDIA PEREZ-KASMARSKI, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

30. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

31. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

32. As pled above, Defendant violated 15 U.S.C. §§1692e and 1692e(8); therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, CLAUDIA PEREZ-KASMARSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;
c. Awarding Plaintiff costs and reasonable attorney's fees; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

33. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 26, 2021　　　　　　　　　Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com